| | |
|---|---|
| SHERRY HANNA,<br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>NANCY A. BERRYHILL,<br>Social Security Administration,<br>　　　　　　Defendant. | :<br>:<br>:<br>: 　　No. 5:17-cv-02981<br>:<br>:<br>:<br>: |

**O P I N I O N**
Report and Recommendation, ECF No. 14 – Adopted
Plaintiff's Request for Review, ECF No. 10 – Denied

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　　　　April 11, 2018
**United States District Judge**

## I.　　INTRODUCTION

Plaintiff Sherry Hanna filed an application for a period of disability and disability insurance benefits with the Social Security Administration, which was denied. After her request for review was denied by the Appeals Council, Hanna filed the instant action pursuant to 42 U.S.C. § 405(g) seeking review. On December 14, 2017, United States Magistrate Judge Jacob P. Hart filed a Report and Recommendation ("R&R") recommending that the Request for Review be denied. Hanna has filed objections to the R&R. After de novo review, this Court concludes that the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence for the reasons set forth herein and in the R&R, and the decision of the Commissioner of Social Security is affirmed. The objections to the R&R are overruled.

## II.　　STANDARD OF REVIEW

When objections to a report and recommendation have been filed, "the court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

This Court adopts the R&R issued by Magistrate Judge Hart in its entirety, and writes separately only to address Plaintiff's objections to the R&R. Plaintiff Sherry Hanna raises three areas of objections.

First, Hanna asserts that the Magistrate Judge erred in finding that substantial evidence supports the ALJ's evaluation of whether she had any severe impairments. Objs. 1-2, ECF No. 15. Hanna argues that the Magistrate Judge erred in determining that the ALJ's failure to discuss the interplay between her obesity and severe impairments did not warrant remand, and suggests that the treatment notes from three doctor's visits between November 13, 2012, and January 6, 2015, regarding her height and weight support a finding that her obesity was a severe impairment. After de novo review, this Court agrees with the Magistrate Judge that remand is unnecessary because, *inter alia*, there is insufficient evidence to show that Hanna's obesity was a severe impairment. *See* R&R 6-7, ECF No. 14 (citing *Rutherford v. Barnhart*, 399 F.3d 546, 552-53 (3d Cir. 2005) (holding that the ALJ's failure to mention the claimant's obesity was not a reason to remand because the claimant never mentioned obesity as a condition that contributed to her inability to work and even if the evidence of her height and weight was sufficient to notify the ALJ of her condition, she did not specify how this factor would affect the ALJ's five-step

analysis beyond an assertion that her weight makes it more difficult for her to stand, walk, and manipulate her hands and fingers)). Further, contrary to Hanna's objection that the Magistrate Judge did not address how the ALJ incorporated obesity into assessing her residual functional capacity ("RFC"), the R&R explained that the ALJ considered the report of Hua Yang, M.D., who noted that although Hanna was obese, she had a normal gait and stance, used no assistive devices, and was able to get on and off the exam table without assistance. R&R 11; R. 55 (citing R. 452-453).[1] Hanna's objections are overruled.

Second, Hanna objects to the Magistrate Judge's conclusion that the ALJ's RFC assessment of her mental health symptoms was supported by substantial evidence, arguing that the ALJ did not account for Hanna's difficulties in maintaining persistence and pace, and managing stress. Objs. 2. After de novo review, this Court finds that the ALJ's RFC assessment of Hanna's mental health symptoms was supported by substantial evidence. Although the Magistrate Judge does not specifically mention persistence and pace and managing stress, the ALJ did properly consider these factors. The ALJ discussed these factors multiple times in both steps three and four of the sequential evaluation process. *See* R. 52-56. Hanna's objections are therefore overruled.

Third, Hanna argues that there were several errors with the ALJ's symptom evaluation, and objects to the Magistrate Judge's finding that there was no error in the ALJ's credibility assessment. Hanna contends that while the Magistrate Judge determined that "the examination findings do not support the complaints of disabling back pain, . . . an ALJ may not discredit testimony of a claimant's symptoms solely because there is no medical evidence to support it. Objs. 2. She also challenges the Magistrate Judge's citation to her ability to perform daily

---

[1] Citations to specific documents in the administrative record are listed as "R. __." *See* ECF No. 8.

activities to discredit her. Objs. 3. Despite Hanna's suggestion to the contrary, the ALJ specifically recognized that when a claimant's "symptoms are not substantiated by objective medical evidence, the [ALJ] must make a finding on the credibility of the statements based on a consideration of the entire case record." R. 54. The ALJ then explained that while Hanna testified that she has difficulty being around people and experiences nausea in social settings, her function report noted that she gets together with family and plays games. *Id.* She also takes her mother to doctor's appointments and shops in stores for necessities. *Id.* The ALJ also noted the inconsistency with Hanna's allegations that she has difficulty handling stress and changes in routine, with the fact that she gets along well with authority figures and has never been laid off from a job due to problems getting along with other people. *Id.* Upon de novo review, this Court finds no error by either the Magistrate Judge or the ALJ, and the objections are overruled.

Finally, Hanna objects to the R&R for failing to address why the ALJ did not discuss the side effects of her medication. Objs. 3. In both the Objections and Brief in Support of Request for Review, Hanna cites to a single question and answer from the hearing before the ALJ in which she was asked, "Do you have any side effects from the medications?" and responded, "I get headaches, nausea in the stomach." R.78. Because she makes no additional allegations or argument regarding the severity or frequency of the headaches and nausea, Hanna has not shown how the ALJ's disability determination was erroneous. *See Harrell v. Berryhill*, No. 16-1433, 2017 U.S. Dist. LEXIS 90250, at *25-26 (D.N.J. June 12, 2017) (affirming the ALJ's decision because the plaintiff had not explained how the ALJ's failure to specifically mention her medication side effects in finding that she had moderate limitations in certain areas caused the ALJ to erroneously find that she was not disabled). Furthermore, the Third Circuit Court of Appeals has determined that an ALJ's "failure to consider side effects is not error where the only

4
041118

probative evidence is the claimant's own conclusory statements." *See Schmidt v. Comm'r Soc. Sec.*, 465 F. App'x 193, 199 (3d Cir. 2012); *Torres v. Colvin*, No. 15-3973, 2016 U.S. Dist. LEXIS 177532, at *32-33 (E.D. Pa. Nov. 30, 2016) (finding that "the ALJ's failure to consider the side effects of Plaintiff's medication was not erroneous"). This objection is overruled.

**IV. CONCLUSION**

After de novo review, this Court agrees with the Magistrate Judge that the ALJ's decision denying disability insurance benefits is supported by substantial evidence. Hanna's objections to the R&R are overruled, and the R&R is adopted. The Request for Review is denied, and the decision of the Commissioner of Social Security is affirmed. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge